**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4348**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAINE DEVON HAYES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00409-TDS-1)

Submitted:  December 18, 2017                    Decided:  January 11, 2018

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamaine Devon Hayes pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court calculated Hayes' Guidelines range under the U.S. Sentencing Guidelines Manual (2016) at 108 to 120 months' imprisonment and sentenced him to 117 months' imprisonment.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence because it did not find that the condition of a firearm Hayes possessed warranted a downward variance. Hayes was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

We review Hayes' sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). In doing so, we examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Lymas*, 781 F.3d at 111-12 (quoting *Gall*, 552 U.S. at 51). We also review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *Id.*

We conclude after review of the record that the district court did not abuse its discretion as Hayes suggests. The firearm's condition was noted in the presentence report's description of Hayes' offense conduct, and Hayes invoked the condition of the firearm in his argument at sentencing for a sentence of 108 months or less. The district court adopted the presentence report in its entirety, heard Hayes' argument, and concluded that a 117-month sentence was warranted in light of the nature of Hayes' offense conduct, his history and characteristics, and the need for the sentence to provide adequate deterrence, protect the public, and provide just punishment, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(C) (2012). In assigning weight to concerns stemming from these factors and declining to impose a downward variance, the district court did not abuse its discretion. *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole).

Finally, in accordance with *Anders*, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Hayes, in writing, of the right to petition the Supreme Court of the United States for further review. If Hayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hayes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*